UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL MOORE,

    Petitioner,                       Civil Action No. 15-cv-10613

v.

                                  HON. MARK A. GOLDSMITH

ANTHONY STEWART,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR CERTIFICATE OF APPEALABILITY (Dkt. 14) AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On July 13, 2017, the Court denied Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of appealability. (Dkt. 10). On July 24, 2017, Petitioner signed and dated a notice of appeal with the Sixth Circuit which was filed with this Court on August 2, 2017. (Dkt. 12). On August 16, 2017, Petitioner filed a motion with this Court for a certificate of appealability. (Dkt. 14). Because the Court has already issued a decision related to the certificate of appealability, the Court treats this pleading as a motion for reconsideration. For the reasons that follow, the Court denies Petitioner's motion, and orders that the motion be transferred to the United States Court of Appeals for the Sixth Circuit.

This district's local rules, E.D. Mich. LR 7.1(h), allow a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(h)(3). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. Id. A palpable defect is a defect that

is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Here, the Court has already denied a certificate of appealability, see Opinion & Order Denying Petition (Dkt. 10), and Petitioner's motion raises no new arguments. Thus, the instant motion merely presents an issue which was already ruled upon by this Court. Accordingly, Petitioner's motion for reconsideration is denied. See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. See Sims v. U.S., 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Accordingly, the Court, in the interests of justice, orders that Petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED** that Petitioner's motion (Dkt. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer Petitioner's "Motion for a Certificate of Appealability" (Dkt. 14) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated: January 22, 2018             s/Mark A. Goldsmith
    Detroit, Michigan              MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

                                                 s/Karri Sandusky
                                                 Case Manager